United States District Court
District of Massachusetts

Civil Docket No. _____

```
------------------------------)
Kelechi Linardon,             )
        Plaintiff             )
                              )
vs.                           )    VERIFIED COMPLAINT
                              )
Gabrielle R. Wolohojian,      )
individually and in           )
her official capacity as      )
Associate Justice of the      )
Massachusetts Appeals Court   )
                              )    JURY TRIAL CLAIM
        Defendant             )
------------------------------
```

## JURISDICTIONAL BASIS

I. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to her by the First, Fifth, Eight and Fourteenth Amendments of the federal Constitution, by the defendant under color of law in her capacity as Associate Justice of the Massachusetts Appeals Court.

The Appeals court judge has denied me – the Plaintiff who is also a disabled person – the right to due process and equal protection under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq. and the Civil Rights Act (42 U.S.C. § 1983).

The Fifth Amendment has an explicit requirement that the Federal Government not deprive individuals of "life, liberty, or property," without due process of the law and an implicit guarantee that each person receive equal protection of the laws.

The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The Fourteenth Amendment explicitly prohibits states from violating an individual's rights of due process and equal protection.

## Statement of Case

Under the federal civil rights law, Title 42 U.S. Code § 1983, Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Retaliations, Interference of justice, and deprivation of impartial and fairness administration of justice, abuse of power and discretion by Judge Wolohojian. On 25th day of September, 2019, the Plaintiff respectfully requested through a motion addressed to the Appellate Court for Judge Wolohojian to recuse herself from presiding over Plaintiff's appeal cases reviews pursuant to the doctrine of Johnson v. District Court, 674 P.2d 952 (1984), in order that another judge be assigned to hear and try all matters in this case, and also, to give the Appellant an unbiased opportunity to fairly litigate her case(s) brought before and to this court. The Code of Judicial Conduct provides that "[a] Judge should disqualify him/herself in a proceeding in which his impartiality might be questioned…".  Code of Judicial Conduct Canon 3C (1)(a). The Appellant questions the impartiality of Judge Wolohojian because said Judge has not maintained impartiality or fairness in this appeal case brought to this court which includes this motion where she must again render a new opinion as to whether or not to allow to docket the appeal late and it is clearly obvious that she will again deny it unfairly; this has become a pattern.

On 21st day of October of, 2019 in retaliation for requesting Judge Wolohojian to recuse herself form my appeals matter, she used my two pending appeals which I worked very hard to complete, to retaliate against me on October 21, 2019.  This was done by affirming the lower court decision to hear two cases on the same day, because I requested that she recuse herself from the other appeal at which time it became quite obvious that bias, retaliation and interference of justice.

On 29th day of October, 2019 in the form of a formal letter to the Appeals Chief Justice I call to the attention of the severity and misconduct addressing my concern of unfair interferences of justice, due process and retaliations on reviews of my appeals matters and unconstitutional abuse of power and discretion by Judge Wolohojian. Since then the plaintiff has received more retaliations from Judge Wolohojian on the plaintiff other appeals matters in which she is the chief presiding judge of a three panel judges appeals reviews including the most recent decision on the third appeals matter with the same appellee where she also once again entered an order affirming the decision in the middle of this Corona Virus (COVID-19) without even me knowing when the appeals court is not even open to the pubic

business. she has consistently influence what should have been a proper, impartial, non-bias, and non-prejudice reviews of my appeals matters, she has abused her powers as an appeals judge to influence and prevent further applications reviews of my appeals therefore depriving me of due process, violated my civil rights and fairness on reviews of my three civil appeals cases.

Procedural due process: Judge Wolohojian deprived me of the opportunity to be heard properlyon all my three appeals reviews which she is the chief of the three member panel judges. The Standard Elements of due process is to have a fair opportunity to have a neutral arbiter but in this case the arbiter was not neutral. The opportunity to be heard fairly is 'a fundamental requirement of due process. Plaintiff alleging a belief that Judge Wolohojian cannot impartially preside, she was unfair, biased and very one sided because I requested for her to recuse herself from my appeals review due to her bias and the appellees are attorney's that she knows and the plaintiff is just a Pro Se therefore plaintiff did not receive equal protection.

The plaintiff showed that her appeals in the appellate court against the appellees on the three separate civil appeals matters raised "meritorious issues including United Stated Constitutionally laws including but not limited to Title VI of Civil Rights Act and Fair Housing Amendments Act ("FHAA") (42 U.S.C. § 3601-3619), the state/federal anti-discrimination statute, unconstitutional racial hate crimes, racial discrimination, slander/defamation civil actions and fiduciary duties causation actions. "A meritorious appeal is one that is worthy of presentation to a court, not one which is sure of success." A meritorious claim has also been described as one that offers some reasonable possibility of success or one that is not frivolous. As stated in Appellate Procedure Rule 27:1(a), an application for further appellate review "…shall be founded upon substantial reasons affecting the **public interest** or **the interests of justice.**" The plaintiff alleges that judge Wolohojian engaged in conduct that is in violation of the US Constitutions, American with Disability Rights, Civil Rights and "prejudicial to the effective and expeditious administration of the business of the courts and unconstitutional Abuse of Power. Judge Wolohojian deprived Appellant of her right to due process, equal protection, discriminated against her, violated her constitutional rights and showed an evidence and pattern of behaving or ruling in a manner that is prevented or hindered her from receiving full, fair, impartial hearings or the full, fair, impartial administration of justice.

Judge Wolohojian breached the plaintiff confidence on my appeals matters reviews. The Judges have a higher level of ethical expectations because they have to be fair to both sides at all times but the appeal reviews on my three cases was not fair. The judge gave unfair disadvantages to the plaintiff just because she is not an attorney showing of conflict of interest and the behavior was reckless. The plaintiff believe

that the behavior of the judge gives the appearance of impropriety showing favoritism to defendants who are attorneys , and judges are required to be impartial. She did not promote public confidence in the integrity and impartiality of the judiciary on my three civil appeal cases. A Decision maker must be impartial. The judge even was very condescending on her decision memorandums and preconceptions toward the plaintiff which reflected on her aggressive unfairness to the plaintiff.

Judge Wolohojian violated my rights to impartial and fair review of my three civil appeals cases and also Violated Canon Two:

**Canon 2** of the Code of Conduct for State Judges provides that "a judge should avoid impropriety and the appearance of impropriety in all activities." Canon 2A is entitled "Respect for Law." It provides that "A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." This rule is "critical—the judiciary's ability to decide cases efficiently and effectively would be severely impaired, and public confidence in the courts would be undermined, if litigants had reason to suspect judicial bias. In other words, 'to perform its high function in the best way "justice must satisfy the appearance of justice." The Commentary to Canon 2A provides in relevant part: "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen." Appellant submits that Judge Wolohojian actions constitute extreme impropriety and the appearance of impropriety that violate Canons 2 and 2A. Appellant further submit that any "reasonable mind" would conclude that Judge Wolohojian's "integrity, impartiality, temperament, [and] fitness to serve as a judge in my three civil appeals matters" are "impaired." ("The judiciary therefore must take every appropriate measure to instill public confidence in the impartial administration of justice. For this reason, and especially in view of the 'constant public scrutiny' that 'judge[s] must expect'. The "impropriety" and "appearance of impropriety" are obvious. Judge Wolohojian failed to "act at all times in a manner that promotes public confidence in the . . . impartiality of the judiciary." No "reasonable mind" could conclude that she is impartial on those issues, principles, or cases.

**Canon 1:** A Judge Should Uphold the Integrity and Independence of the Judiciary. An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high

standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. Deference to the judgments and rulings of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law.

**Canon 3:** A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently. The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased. The judge should adhere to the following standards:

(A) *Adjudicative Responsibilities*.
(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

 **(B)** *Disqualification*.
**(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:**

(a) The judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**Other Improper Activities:** A judge is also restricted as to other aspects of his or her position including prohibitions against: 1. displaying obvious bias toward a party; 2. abusing his or her contempt of court power; 3. abusing the prestige of his or her judicial office; 4. obstruction of justice, engaging in the practice of law.

Judge Wolohojian violated my constitutional rights and been discriminated against by being treated differently than other people in similar situations by reason of race, disability or advocacy opinion. Giving the appearance of retaliation for plaintiff's exercise of a peremptory challenge for a lack of impartiality by Judge Wolohojian and that the judge did not maintain the professional distance required by her position and seemed to let her emotions overrule compliance with judicial ethics.

The judge engaged in a pattern of misconduct toward a person with disability and black women who ever dears to raise concern of her misconduct towards their cases. The judge's reviews of my appeals after I requested for her recusal were motivated by malice, vindictiveness, intolerance, prejudice and retaliation.

Misconduct included conduct that was unwelcome, undignified, discourteous and offensive. She is more concern about retaliation than about adjudicating the rights of the citizens appearing before her and her procedure is offensive to the concept of fundamental fairness.

Plaintiff suffered adverse decisions by the judge and deprived me of my due process of law in violation of the Fourteenth Amendment of the Constitution of the United States and Erroneous deprivation of equal protection and my civil rights. Due process requires that the procedures by which laws are applied must be evenhanded, so that individuals are not subjected to the arbitrary exercise of government power. Justice as is the obtaining of a like result by intimidation. Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property. The primary federal judicial statute, Title 28 U.S.C. § 455, contains a provision (§ 455 a) that calls for a judge to be disqualified not only when he is biased against a party, but whenever a reasonable, disinterested observed would think he might be. Many states have statutes or court rules that are to a similar effect. Article 29 of the Massachusetts Declaration of Rights guarantees to every Massachusetts citizen the right to be tried by judges "as impartial as the lot of humanity will admit." This right is enforced under Rule 3:09 of the Supreme Judicial Court of Massachusetts and Canon 3 of the Massachusetts Code of Judicial Conduct.

In safeguarding the liberty of the citizen against deprivation through the action of the state, embodies the fundamental conceptions of justice which lie at the base of our civil and political institutions. Hebert v. Louisiana, 272 U.S. 312, 316, 317, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102. in *Williams v. Pennsylvania*, the Court found that the right of due process was violated when a judge on the Pennsylvania Supreme Court—who participated in case denying post-conviction relief to a prisoner convicted of first-degree murder and sentenced to death—had, in his former role as a district attorney, given approval to seek the death penalty in the prisoner's case. Relying on *Caperton*, which the Court viewed as having set forth an "objective standard" that requires recusal when the likelihood of bias on the part of the judge is "too high to be constitutionally tolerable, the *Williams* Court specifically held that there is an impermissible risk of actual bias when a judge had previously had a "significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case. The Court based its holding, in part, on earlier cases which had found impermissible bias occurs when the same person serves as both "accuser" and "adjudicator" in a case, which the Court viewed as having happened in *Williams*. It also reasoned that authorizing another person to seek the death penalty represents "significant personal involvement" in a case, and took the view that the involvement of multiple actors in a case over many years "only heightens"—rather than mitigates—the "need for objective rules preventing the operation of bias that otherwise might be obscured." As a remedy, the case was remanded for reevaluation by the

reconstituted Pennsylvania Supreme Court, notwithstanding the fact that the judge in question did not cast the deciding vote, as the *Williams* Court viewed the judge's participation in the multi-member panel's deliberations as sufficient to taint the public legitimacy of the underlying proceedings and constitute reversible error.

Plaintiff suffered adverse decisions by the judge Wolohojian and she displayed obvious bias toward me as person of color and as person with disability. There are conflicts of interest regarding the cases that would prevent the judge from being able to be impartial, ethical, and fair. She showed favoritism towards the appellees on all of my three appeals matters where two appeals of the matters where with the same appellees, who are well known Massachusetts Realtors and Developers, who are not only wealthy but also racists; They threatened me on several occasions; for example, *they openly bragged that they own the town, the court house and everything in it and that I am wasting my time in any matter against them in that court or in that jurisdiction and the appellee lawyer spent much time in crusading for the local Judge which is a public concern and conflict of public trust.* 3. She abused the prestige of her judicial office; 4. Obstruction of justice, engaging in the practice of law. According court rulings citations it said "Fraud upon the court' should, we believe, embrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". It can be reasoned that a decision produced by fraud on the court is not in essence a decision at all, and never becomes final. In *Aoude v. Mobil Oil Corp*, the Court stated: The requisite fraud on the Court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentimentally set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Id*. 892 F.2d 1115, 1118 (1st Cir.1989). "Tampering with the administration of justice … is a wrong against the institutions set up to protect and safeguard the public … in which fraud cannot be complacently tolerated with the good order of society." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 1250 (1944). Due process does not permit fraud on the court to deprive any person of life, liberty or property. A biased Court also violates constitutional due process guarantees by tolerating that fraud

**The due process of law clause in the Fourteenth Amendment:** What it does require is that state action, whether through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as 'law of the land. Plaintiff has filed a complaint requesting that the judge presiding over her

case be recused over concerns of bias. These objections raise questions about judge impartiality. The public or litigants expect judges to be utterly impartial arbiters. The judge's impartiality might reasonably be questioned and the official rule states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Both federal and state law holds that judges must recuse themselves if there are grounds to do so. The reason for recusal is simple, a judge has a duty of fairness when imparting justice and making judgements as they preside over a case. Recusal, also referred to as judicial disqualification, is the process of a judge stepping down from presiding over a particular case in which the judge may have a conflict of interest. Title 28 of the United States Code (the "Judicial Code") provides standards for judicial disqualification or recusal.

Judge Wolohojian retaliation actions on my three civil appeals because I requested for her to recuse herself are cruel and unusual punishments inflicted violating the Eighth Amendment to the United States Constitution. Judge should be sensitive to possible abuse of the prestige of office. If a judge is biased or prejudiced for or against a party or attorney, he cannot be fair and impartial in deciding the case. The duty under Canon 2 is to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary and applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice or bias. Judge Wolohojian acted unconstitutionally, by engaging in egregious discrimination against me racially, minorities black women in confrontation with racial hate crimes and treated unfairly in court and on my disabilities violating [Title II of the Americans with Disabilities Act (ADA) under the federal law which raising the claim of denial of equal protection under the Fourteenth Amendment.] Judge Wolohojian actions were spiteful, hateful, and interfered with the Plaintiff's right to due process and it was a personal hate, racially motivated and committed outside of her jurisdiction. Her actions are an intentional deprivation of equal protection of the law under the fourteenth amendment. If two or more persons conspire to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws", the injured party may recover damages. A claim against any two persons who conspire to injure another for spite or other improper motives, apparently because to single out anyone for illegal aggression is to deny him equal protection of the laws. *Harris v. Harvey,* 605 F.2d 330, 335 n.7 (7th Cir. 1979), *cert. denied,* 605 F.2d 330 (1979). Slyvester HARRIS, Plaintiff-Appellee, v. Richard G. HARVEY, Jr., Defendant-Appellant. CUMMINGS, Circuit Judge. "A judge is not free, like a loose cannon, to inflict indiscriminate damage whenever he announces that he is acting in his judicial capacity."

## Prayer for Relief

1. To vacate Judge Wolohojian judgment on my three separate civil appeal cases brought to the appeals court to review which she unfairly affirmed on each one of them back to back in retaliation after I requested for her to recuse herself from my cases. Praying that the three appeal cases affirmed by this judge be vacated and for such other relief as might be just.

2. To nullify the judgments and reverse Judge Wolohojian judgment affirmed with directions to set aside the three civil appeals cases judgment of the Court of Appeals, recall the cases and issue mandate to the Superior court and District Court on the three civil cases directing it to set aside its judgment entered, to reinstate its original cases on the three matters and afford the plaintiff a fair and impartial reviews of the appeals cases and to take such additional action as may be necessary and appropriate. That this court should itself pass upon the question whether the three appeals cases should be recalled and the case reopened.

3. To recall the cause; (2) to enter upon a trial of the issues made by the plaintiff and answer, and (3) itself to have untainted impartial panel judges review and revise its earlier decision, a (4) that it can recall the case from the Superior court and District Court (5) that it can grant relief; (6) that it can hear evidence and act as a court of first instance or a trial court.

4. As a general rule, however, judges cannot be held liable for money damages for acts done in the exercise of his judicial function, within the limits of his jurisdiction, no matter how erroneous, illegal or malicious his acts may be. (48A *Corpus Juris Secundum* §86) A minority of decisions have held that if an inferior judge acts maliciously or corruptly he may incur liability. *Kalb v. Luce*, 291 N.W. 841, 234, WISC 509. The plaintiff prays that the court to grant relief by equity against an unjust and inequitable result.

5. Refrain judge Wolohojian from violating my constitutional rights and from discriminating against me by treating me differently from other people in similar situations by reason of race, disability or advocacy opinion. To refrain from an opportunity to be heard fairly in all my appeals cases and Interference in achieving Justice, abuse of discretion, intimidation and retaliations. To declare laws or court practices unconstitutional. See *Pulliam v. Allen*, 466 U.S. 522 (1983).

6. The plaintiff ask for an injunction ordering Judge Wolohojian to refrain from consistently influencing other judges on what should have been proper, impartial, non-biased, and non-prejudicial reviews of my appeals matters or Further Appellate Reviews. defendant did caused the plaintiff harm or violated the plaintiff's rights She has knowingly abused her powers as an appeals judge to influence other judges and prevent further applications reviews of my appeals therefore depriving me of due process, violating my civil rights and fair reviews of my appeals cases.

7. The Plaintiff suffers from severe physical disabilities and is, under ordinary circumstances, a home care chronic ill patient, whereas, the Defendant is an influential Massachusetts Appeals Court Justice, who is also married to the Massachusetts Attorney General Maura Healey, a very influential person in the state, especially in cases such as mine and Ms. Healey will be the person who assigned the attorney to represent Judge Wolohojian. The plaintiff is stating that if Judge Wolohojian can Tamper with the fair administration of justice on all my appeals case and retaliated immediately on my three civil appeals case when I requested for her to recuse herself violating the Eighth Amendment to the United States Constitution are cruel and unusual punishments inflicted, I am very concern on her further retaliation or what she is going to do next possible abuse of the prestige of office using her judicial powers as a judge after she receives she this civil complaint and that both women might use their office power to interfere with justice, to abuse, to deprived, to intimidate and inflict severe retaliation on me and the plaintiff has legitimate reasons to be very concern about her safety and not to be harmed, therefore the plaintiff is seeking for protection order while this case is proceeding in this court.

Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive relief commanding defendant Judge Wolohojian to refrain from depriving me of any constitutional protection and refrain from subjecting to Court action for the purpose of intimidating me from exercising an opinion.
2. relief for the injuries sustained, are sustaining, or will sustain as a result of the events
3. Issue declaratory relief as this Court deems appropriate just.
4. Issue other relief as this Court deems appropriate and just.
5. Award plaintiff her costs of litigation.

Respectfully Submitted.

Plaintiff, *PRO SE*

_*kelechilinardon*_____
KELECHI LINARDON
Dated:  May 19, 2020

**Statement of Verification**

I have read the above complaint and it is correct to the best of my knowledge.
_*kelechilinardon*_____