UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
**KELECHI LINARDON,**             )
                                  )
         **Plaintiff,**            )
                                  )
    v.                             )   CIVIL ACTION NO. 20-10969-DJC
                                  )
**JUSTICE GABRIELLE R. WOLOHOJIAN,** )
         **Defendant.**            )
                                  )
                                  )

## MEMORANDUM AND ORDER

**CASPER, J.**                                                        November 10, 2020

*Pro se* plaintiff Kelechi Linardon ("Linardon") filed this action against Massachusetts Appeals Court Justice Gabrielle R. Wolohojian ("Justice Wolohojian"), D. 1, and filed a renewed motion to proceed *in forma pauperis*. D. 10. For the reasons stated below, the Court allows the motion to proceed *in forma pauperis* and dismisses the action without prejudice under Rooker-Feldman doctrine and Younger abstention doctrine.

**I.     Background**

Linardon alleges that on September 25, 2019, she filed a motion for Justice Wolohojian to recuse herself from presiding over Linardon's cases before the Massachusetts Appeals Court. On October 21, 2019, Wolohojian purportedly dismissed two pending appeals "in retaliation" for filing the motion to recuse.[1]

---

[1] The Court takes judicial notice of two appeals in which Linardon was an appellant that were dismissed by three-justice panels that included Justice Wolohojian on October 21, 2019. See Linardon v. Birmingham-Anadu, 96 Mass. App. Ct. 1105 (2019), rev. denied, 484 Mass. 1104 (2020); Cliffside Realty Assocs. LLP v. Linardon, 96 Mass. App. Ct. 1105 (2019), rev. denied sub

On October 29, 2019, Linardon, as alleged, wrote to the chief judge of the Massachusetts Appeals Court complaining of the purported retaliatory conduct. D. 1 at 2. Linardon claims that since then Justice Wolohojian allegedly has continued to retaliate against Linardon in handling her cases. Id. Linardon claims that Wolohojian violated judicial ethical canons. D. 1 at 4-5. She states that Wolohojian mistreated her based upon "race, disability or advocacy opinion", "displayed obvious bias toward [Linardon] as [a] person of color and as [a] person with disability" and "engaged in egregious discrimination against [Linardon] racially. . . and on [her] disabilities. . ." D. 1 at 6-8. Linardon does not provide any factual allegations as to the racial and disability discrimination, but claims to be aggrieved by the results in her civil actions before that tribunal. Specifically, Linardon seeks (1) for this Court to vacate the judgments entered in her three state cases; (2) to "nullify the judgments" and issue a "mandate" to the trial court to rehear those case; (3) to "recall the cause" and apparently act as the state trial court, (4) apparently set aside the doctrine of absolute judicial immunity[2] as to Justice Wolohojian and grant relief by equity; (5) issue an injunction against Wolohojian from violating Linardon's constitutional rights and declare court practices unconstitutional; (6) enjoin Wolohojian from "influencing other judges"; and (7) a "protection order" from being harmed by Judge Wolohojian. D. 1 at 9-10.

---

nom. Cliffside Realty Tr. v. Linardon, 483 Mass. 1108 (2020). The Supreme Judicial Court denied further appellate review in both cases.

[2] The doctrine of absolute judicial immunity for monetary damages claims is firmly established in the First Circuit. Just last year, the First Circuit explained that "[t]he breadth of the protection is fulsome, shielding judges even when [as alleged here] their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)).

**II.     Discussion**

    **A.     Linardon's Renewed Motion for Leave to File** *In Forma Pauperis*

Linardon's renewed motion for leave to proceed *in forma pauperis* (D. 10) is hereby ALLOWED.  Because Linardon is proceeding *in forma pauperis* the complaint is subject to screening pursuant to 28 U.S.C. §1915(e).  Pursuant to Section 1915(e), this Court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief [can] be granted, or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2).  In addition, "[i]f the court determines at any time that lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Linardon's *pro se* complaint is "liberally construed" and "held to less stringent standard than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and quotations omitted).

    **B.     Linardon's Action is Dismissed Without Prejudice under Rooker Feldman Doctrine and Younger Abstention Doctrine.**

As explained below, this action must be dismissed for lack of jurisdiction or abstention because Linardon is seeking for this Court to review and reject state court judgments and interfere with ongoing state-court proceedings.

First, this Court is without jurisdiction to review and reject state court judgments.  "Under the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (citation and quotations omitted).  It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  Id.

Here, Linardon is seeking relief from this Court that is barred under Rooker-Feldman doctrine where Linardon: (1) is the losing party in her Massachusetts state-court actions, (2) claims her injuries are caused by the state-court judgments issued in those actions, (3) filed this action after those Massachusetts proceedings ended, and (4) seeks review and rejection those judgments.

Second, to the extent that she has remaining claims in state court proceedings, this Court will abstain from exercising jurisdiction that would interfere with Linardon's pending Massachusetts state court cases under Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37(1971). "Based on principles of comity, the doctrine instructs that, unless there are extraordinary circumstances, federal courts should not interfere with ongoing state-court litigation." Verizon New England, Inc. v. Rhode Island Dep't of Labor & Training, 723 F.3d 113, 116 (1st Cir. 2013). Abstention is appropriate "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Id. "Younger abstention is even appropriate where litigants claim violations of important federal rights . . .as long as the federal claims can be raised and resolved *somewhere* in the state process." Burnham v. Commonwealth, 279 F. Supp. 3d 368, 369–70 (D. Mass. 2018) (citations and quotations omitted, emphasis in original). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo, 988 F.2d 252, 262 (1st Cir. 1993). Here, it appears that Linardon seeks to have this Court interfere with her ongoing state court actions. Ongoing state civil actions implicate an important state interest and the Massachusetts courts provide an adequate opportunity

for Linardon to advance her federal challenges. The Court will abstain from exercising jurisdiction over those claims.

### III. Conclusion and Order

Based on the foregoing, it is hereby ORDERED that:

1. Linardon's renewed Motion for Leave to Proceed *in forma pauperis*, D. 10, is <u>ALLOWED</u>.

2. Linardon's action is <u>DISMISSED</u> without prejudice.

3. The Clerk is directed enter a separate order of dismissal without prejudice.

**So Ordered**.

 /s/ Denise J. Casper  
DENISE J. CASPER  
UNITED STATES DISTRICT JUDGE